IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL COONEY,**  *Plaintiff,*  v.  **BUCK MOTORSPORTS PARK LLC et al,**  *Defendants.* | Case No. 23-cv-2346 |

**MEMORANDUM**

COSTELLO, J.                                                                                                      January 15, 2025

      Plaintiff Michael Cooney brought this negligence action for personal injuries after a mega truck allegedly struck him during a race event at the Buck, a dirt racetrack owned and operated by Defendants Buck Motorsports Park LLC and Buck Motorsports Inc. (collectively, "Buck Motorsports").[1]  Defendants CH&N Construction Inc., CH&N Site Construction Inc., and CH&N Supply Co. (collectively, "CH&N") are alleged to have planned, designed, and constructed the racetrack at the Buck.  More than a year after filing its Answer, CH&N has moved for leave to join Randy Oakley, Vermonster 4x4, and Jody David as third-party defendants in this case.[2]  Buck Motorsports has joined the motion.  Cooney opposes the motion.  The Court heard argument on January 7, 2025.  For the reasons stated below, the Court will deny CH&N's motion.

---

[1]    The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.

[2]    CH&N's motion also sought leave to file a joinder complaint against Bad Frog Enterprises, LLC ("Bad Frog"), but it is no longer pursuing the joinder of Bad Frog.  Suppl. Mem. 2, n. 1, ECF No. 78.

I.      BACKGROUND

The Complaint alleges that on April 23, 2023, Cooney was observing a mega truck event at the Buck.  Compl. ¶ 23.  Cooney was standing behind a set of Jersey barriers that had an approximately 20-foot gap between them.  *Id*. ¶¶ 30-32.  A mega truck owned by Bad Frog drove through the gap and crushed Cooney.  *Id*. ¶¶ 26, 32.  Cooney suffered "catastrophic" injuries, including blunt impact injuries, a traumatic brain injury, and a fractured hip.  *Id*. ¶ 54.  Cooney has asserted one count of negligence against Buck Motorsports and one count of negligence against CH&N.  Cooney's negligence claims are primarily related to the Defendants' design, construction, and operation of the track.

CH&N filed an Answer on August 4, 2023.[3]  On September 25, 2024, more than thirteen months later, CH&N filed a motion for leave to file a joinder complaint against Randy Oakley, the individual who allegedly set up the track for the event at issue, Vermonster 4x4 ("Vermonster"), Oakley's mega truck promotion business, and Jody David, the driver of the Bad Frog mega truck that struck Cooney.  CH&N's Motion for Leave to File Joinder Complaint (ECF No. 59) ¶¶ 3, 9-12, 14, 18.  CH&N's proposed third-party complaint alleges one count of negligence and one count of common law contribution and indemnification against Oakley, Vermonster, and David.[4]

Cooney opposes CH&N's motion, arguing that joinder is untimely and that Pennsylvania substantive law bars CH&N's claims against the proposed third-party defendants.  Regarding

---

[3]  Buck Motorsports filed an Answer on December 27, 2023, after its motion to dismiss was denied.

[4]  Buck Motorsports joined CH&N's Motion on December 23, 2024 (ECF No. 82), more than three months after CH&N's motion for joinder was filed, and almost a year after Buck Motorsports answered the Complaint.

timeliness, Cooney asserts that CH&N filed its answer on August 4, 2023, making its instant motion, filed September 25, 2024, violative of both Federal Rule 14(a) and Local Rule 14.1(a).

## II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).  "[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Additionally, under the Local Rules of Civil Procedure, "[a]pplications pursuant to Fed.R.Civ.P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer." E.D. Pa. L.R. 14.1(a).  If, however, "it appears to the court's satisfaction that the identity of the party sought to be joined, or the basis for that joinder, could not with reasonable diligence have been ascertained within that time period, a brief further extension of time may be granted by the court in the interests of justice." *Id*.

The time limit under the local rule is not "cast in stone," and courts retain "substantial room" to exercise discretion. *Yarus v. Walgreen Co.*, Civ. No. 14-1656, 2015 WL 5025479, at *3 (E.D. Pa. Aug. 24, 2015) (internal citation omitted). Indeed, the decision to permit joinder is soundly within the court's discretion. *Hornsby v. Johns-Manville Corp.*, 96 F.R.D. 367, 369 (E.D. Pa. 1982); *Fischer v. Presbyterian-University of Pennsylvania Medical Center*, Civ. No. 91-2884, 1991 WL 231590, *1 (E.D. Pa. Oct. 30, 1991).  In exercising its discretion, the court may consider the following factors: (1) the possible prejudice to the plaintiff; (2) the potential for complication of issues at trial; (3) the probability of trial delay; and (4) the timeliness of the

attempt to join third parties. *See Yarus,* 2015 WL 5025479 at *3 (citing *Campbell v. Oxford Electronics Inc.,* 2008 WL 2978550, at *2 (E.D. Pa. 2008); *Con-tech Sales Defined Benefit Trust v. Cockerham,* 715 F. Supp. 701, 704 (E.D. Pa. 1989)). Similarly, the court may consider "whether the delay will cause any harm to the proposed third-party defendant, and whether the third-party plaintiff has any excuse for its delay." *Id.* (internal citation omitted). The defendant seeking leave to file an untimely third-party complaint bears the burden of showing that its delay was justified. *Zielinski v. Zappala*, 470 F. Supp. 351, 353 (E.D. Pa. 1979). "Mere inadvertence or carelessness is not a sufficient reason." *Thompson v. Phillips Equipment & Supply Co*., 53 F.R.D. 91, 92 (E.D. Pa. 1971) (internal citation omitted).

### III.  DISCUSSION

In its motion, CH&N does not address Local Rule 14.1(a) and does not explain why the lateness of its motion should be excused. Instead, CH&N concludes that its motion is timely because it was filed "shortly after" witnesses gave deposition testimony potentially imputing liability to Oakley, Vermonster, and David. CH&N further states that this information was previously unknown to it.

Local Rule 14.1(a) does not excuse CH&N's delay. On November 10, 2023, CH&N listed "Randy Oakley and/or a representative/s of Vermonster" in its initial disclosures as "individuals likely to have discoverable information that the disclosing party may use to support its claim or defense." ECF No. 29 ¶ A. Cooney filed initial disclosures on December 12, 2023, and similarly listed David. ECF No. 33 ¶ A. Buck Motorsports filed initial disclosures on December 28, 2023, and included David and "Randy Oakley of Vermonster." ECF No. 37 ¶ A. As a result, CH&N knew, or should have known, of the parties it now seeks to join for at least nine months before it filed its motion.

Moreover, CH&N has not demonstrated that it could not, with reasonable diligence, have ascertained the basis for joinder within the ninety-day period in Local Rule 14.1(a). To explain its delay, CH&N says it did not have "*prima facie* evidence of liability" until certain depositions were conducted. CH&N's Reply (ECF No. 63) at 2. This excuse is not persuasive. The timeliness exceptions in Local Rule 14.1(a) do not hinge on *prima facie* evidence of liability. Rather, the issue is whether the moving party could have ascertained the party or basis for joinder with reasonable diligence in the time allowed. Given the inclusion of Oakley, Vermonster, and David in the parties' Initial Disclosures, CH&N's decision to sit back and wait for depositions to be conducted was not reasonably diligent.

The same is true for Buck Motorsports, which joined CH&N's untimely motion. Buck Motorsports has not explained why it delayed seeking joinder or why it could not, with reasonable diligence, have learned of the parties or the basis for joinder within ninety days of its answer to the Complaint. Indeed, as the host of the event, it is hard to understand how Buck Motorsports was not aware of the roles of Oakley, Vermonster, and David, especially considering that it named each in its Initial Disclosures.

The additional factors the Court may consider in exercising its discretion also weigh against joinder. Trial is scheduled for May 14, 2025, only a few months from now. The Court has already extended the discovery timeline by more than five months, and adding parties now would force another extension. Moreover, it would guarantee trial delay and otherwise complicate the issues at trial. For example, adding David, the driver of the mega truck, would introduce a new trial issue and would likely require additional evidence and expert testimony related to mega truck operations and mechanics.

In addition, Defendants' delay will likely cause harm to the proposed third-party defendants. Counsel for the third-party defendants would have to enter a case that has been progressing for more than a year and a half, organize previous discovery and identify additional discovery to pursue, potentially retain experts, and proceed to trial on an abridged timeline.

Finally, adding new parties now would prejudice Plaintiff. Aside from forcing additional discovery, delaying trial, and introducing new trial issues (and likely expert witnesses), adding parties now will increase the inconvenience and cost of this litigation.

## IV. CONCLUSION

CH&N's motion for leave to file a joinder complaint is nearly eleven months late. Defendants have not sufficiently explained why they could not have learned the basis of any claims against Oakley, Vermonster, and David sooner. Accordingly, CH&N's motion is denied.

BY THE COURT:

_____
MARY KAY COSTELLO, J.