IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL COONEY,<br>        *Plaintiff,*<br><br>v.<br><br>BUCK MOTORSPORTS PARK LLC et al,<br>        *Defendants.* | Civ. No. 23-2346 |

**ORDER**

**AND NOW**, this 17th day of June, 2025, upon consideration of Plaintiff's Motion for Sanctions in the Form of an Adverse Inference Instruction (ECF No. 236) and the response thereto, it is hereby **ORDERED** that the motion is **DENIED**.[1]

BY THE COURT:

MARY KAY COSTELLO
United States District Judge

---

[1] Plaintiff Michael Cooney brought this negligence action for personal injuries after a mega truck allegedly struck him during a race event at a dirt track owned and operated by Defendants Buck Motorsports Park LLC and Buck Motorsports Inc. (collectively, "Buck Motorsports"). Cooney has moved for sanctions, alleging that Buck Motorsports failed to produce or preserve certain text messages, including a text message that included a video of the dirt track, filmed several months before Cooney was struck. Cooney argues that Buck Motorsports' "spoliation" of such evidence merits an adverse inference instruction.

    Spoliation occurs only where the information is lost and not recoverable. *See* FED. R. CIV. P. 37(e), advisory committee's note to 2015 amendment. The information here is not lost, as Cooney now possesses the text messages and video. To the extent that Cooney believes additional discoverable text messages were not preserved, his belief—without more—is insufficient to support a finding that spoliation occurred, much less that it was intentional or motivated by bad faith. Accordingly, an adverse inference instruction is unwarranted.